# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ROCKWELL MEDICAL, INC.,

    Plaintiffs,

v.                                                    Case No. 17-10757

RICHMOND BROTHERS, INC., *et al.*,

    Defendants.

_____/

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND AFFIRMING MAGISTRATE JUDGE'S ORDER

This court referred Plaintiff's Emergency Motion to Expedite Discovery, (Dkt. #11), to Magistrate Judge Mona K. Majzoub, who entered an order denying the motion, (Dkt. #23). Plaintiff then filed an objection to the order, (Dkt. #25), to which Defendants have filed a response (Dkt. #33). Plaintiff has filed a reply as well. (Dkt. #34.) For the following reasons, the court will overrule Plaintiff's objections.

## I. BACKGROUND

Plaintiff filed an Emergency Motion for Preliminary Injunction and Leave to Conduct Expedited Discovery (Dkts. ##3, 11), scheduled for hearing on May 3, 2017. Plaintiff seeks an injunction forcing Defendants, prior to the annual shareholder meeting sometime in May or June, to supplement disclosures that Plaintiff alleges are misleading and violative of the Securities and Exchange Act of 1934. Magistrate Judge Majzoub denied Plaintiff's request for an order that Defendants respond to five document requests and undertake four depositions within 15 days of service of the requests. (Dkt. #23.) She found that Plaintiff had failed to show good cause for the

broad requests in advance of the normal Rule 26(f) conference or preliminary injunction hearing. She also explained that the requests were not limited to relevant documents and thus did not comport with the proportionality requirement of Federal Rule of Civil Procedure 26(b)(1). She also added that the proposed 15 day deadline was "vexatious and harassing."

Plaintiff objects that expedited discovery is routinely granted prior to preliminary injunction hearings to allow the parties a fair chance to argue the merits. It also contends that its discovery requests were not overbroad and the abbreviated time frame is justified by the urgency of the resolution of the factual questions at issue. Defendants respond that the order denying Plaintiff's motion was well supported and that the recent voluntary dismissal of a Defendant only weakens Plaintiff's case. In reply Plaintiffs insist that discovery is sorely needed prior to the hearing, that the dismissal of certain Defendants is irrelevant to the question at hand, and that expedited discovery will not prejudice Defendants.

## II. DISCUSSION

Objections to orders issued by magistrate judges are treated as appeals subject to the "clearly erroneous" standard set forth in 28 U.S.C. § 636(b)(1)(A). *Brown v. Rapelje*, No. 09–639, 2012 WL 4490769, at *1 (W.D. Mich. Sept. 28, 2012). As such, the "decision and order of a non-dispositive motion by a magistrate judge will be upheld unless it is clearly erroneous or contrary to law." *Koetje v. Norton*, No. 13–12739, 2014 WL 2005021, at *1 (E.D. Mich. May 16, 2014).

"Information is discoverable under revised Rule 26(b)(1) if it is relevant to any party's claim or defense and is proportional to the needs of the case." Fed. R. Civ. P.

2

26(b)(1) Advisory Committe's Note to 2015 Amendment. In assessing the proportionality the court should look to:

> the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Here the burden and expense of the proposed discovery is immense and doubtlessly outweighs its likely benefit, even assuming that all other factors favor Plaintiff–and it is not obvious that they do. Plaintiff attempts to minimize the scope of its discovery requests by insisting that it "proposed just five (5) document requests . . ." However, these five requests are exceedingly broad:

> 1. All documents and communications between Defendants and any other person relating to Rockwell, including telephone records relating to any such communications.
>
> 2. All documents or communications relating to any discussions, plans, agreements, or understandings between the Defendants, on the one hand, and any other person that owned or beneficially owned any Rockwell securities, on the other, relating to Rockwell.
>
> 3. All documents or communications relating to the discussion, preparation, approval, or filing of any filings required under the Securities Exchange Act of 1934, or any rules promulgated thereunder, by any Defendant.
>
> 4. All documents or communications relating to the drafting, discussion, preparation, or approval of the March 1, 2017 Notice of Shareholder Nominations of Individuals for Election as Directors at the 2017 Annual Meeting of Shareholders of Rockwell.
>
> 5. Any and all documents or communications relating to transfer of any Rockwell shares by any Defendant during the relevant time period, including, but not limited to those related to transfers of shares into the names of Defendants David S. Richmond and/or Mark H. Ravich, as

3

alleged in paragraphs 83-84 of Rockwell's Complaint For Declaratory Judgment And Injunctive Relief, in this matter.

(Dkt. #11-1.)

Further compounding the breadth of these requests is Plaintiff's definition of "DOCUMENT(S)," taken to include without limitation:

> the original and all copies of all written, printed, typed, or otherwise recorded matter however produced or reproduced, of every kind and description, in whatever form (e.g., final and draft version), including, but not limited to, all writings, contracts, policy statements, manuals, spreadsheets, power point presentations, telephone messages, voice mails, checks, notes, correspondence, letters, electronic mail, email messages, instant messages, any other electronically-stored information stored on any media for digital data storage or transmittal, telegrams, notes, mailgrams, minutes of any meetings, agendas, memoranda, interoffice communications, reports, studies, forecasts, project analyses, working papers, charts, expense account reports, ledgers, journals, financial statements, statements of accounts, calendars, appointment books, diaries, drawings, graphs, charts, photographs, sound recordings, telephone bills, telephone records, material stored on electronic media such as computer discs or hard drives, or any other tangible things that constitute or contain matters within the scope of Federal Rule of Civil Procedure 34. . . . [Including] originals and copies of all of the above upon which notations in writing, print, or otherwise have been made which do not appear in the originals.

(*Id.*)

Even setting aside whether the requirement to include copies of the same documents is even consistent with Federal Rule of Civil Procedure 34(b)(2)(E)(iii) ("A party need not produce the same electronically stored information in more than one form."), these requests are unduly burdensome. For example, compare the breadth of these requests to the procedures contemplated in the Eastern District of Michigan's Model Order:

> requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as practicable. Where the

4

> discovery request is potentially burdensome to the responding party, the parties should consider options such as staging discovery and sampling, in an attempt to reduce the costs of production. If the discovery request seeks marginally relevant information, the requesting party should expect some cost shifting to be imposed by the Court in the absence of an agreement between the parties.

Model Order Relating to the Discovery of Electronically Stored Information (ESI) Checklist for Rule 26(f) Meet and Confer Regarding ESI (also discussing how parties should identify "an initial subset of sources of ESI and documents that are most likely to contain the relevant and discoverable information as well as methods for culling the relevant and discoverable ESI and documents from that initial subset.").

For example, Plaintiff's first request would surely capture relevant documents, but that is a necessary rather than sufficient condition for the validity of the request. The benefit of the request must also be proportionate to the burden of compliance, which this is not. On its face, the request would include even items like the records of a telephone call during which any Defendant discussed Rockwell Medical, Inc., with a personal acquaintance. The other requests suffer from analogous problems, not least of which the production of *every document or communication* related to SEC filings unbound by any time period.

As Plaintiff's requests are patently overbroad, in the interests of judicial economy the court will overrule Plaintiff's objections without discussing the additional issues raised. Though the court is cognizant of the abbreviated time schedule in this case, Plaintiff is not thereby entitled to disregard the proportionality requirements of the Federal Rules of Civil Procedure.

### III. CONCLUSION

IT IS ORDERED that Plaintiff's Objection to Order on Motion to Expedite
Discovery (Dkt. #25) is OVERRULED.

          s/Robert H. Cleland
          ROBERT H. CLELAND
          UNITED STATES DISTRICT JUDGE

Dated: April 14, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 14, 2017, by electronic and/or ordinary mail.

          s/Lisa Wagner
          Case Manager and Deputy Clerk
          (810) 292-6522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\17-10757.ROCKWELL.discovery.bss.wpd