# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ROCKWELL MEDICAL, INC.,

    Plaintiff,

v.

    Case No. 17-10757

RICHMOND BROTHERS, INC., et al.,

    Defendants.

_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

Pending before the court is Defendants' Motion to Dismiss.[1] (Dkt. #56.) The motion has been fully briefed by both sides. After due consideration, the court concludes that a hearing is unnecessary. For the following reasons, the court will deny Defendants' motion.

## I. BACKGROUND

Plaintiffs allege that Defendants entered into a shareholder agreement to consolidate voting power but failed to comply with securities regulations requiring formal reporting of such agreements until nearly one year later. Defendants argue that Plaintiffs

---

1 The motion to dismiss was initially filed by Defendants Alexander Coleman Ravich 1991 Irrevocable Trust, Alyssa Danielle Ravich 1991 Irrevocable Trust, Matthew J Curfman, Norman J Ravich Irrevocable Trust, Norman and Sally Ravich Family Trust, RBI PI Manager, LLC, RBI Private Investment I, LLC, Mark H Ravich, David S Richmond, Richmond Brothers 401(k) Profit Sharing Plan, Richmond Brothers, Inc., but it was then joined by Jay Joliat (collectively, "Defendants") (Dkt. #59). In a footnote Plaintiffs contended that Jay Joliat had waived his right to join in the motion because he had already filed an answer to the complaint. *See* Fed. R. Civ. P. 12(b)(6). Mr. Joliat asks the court to construe his joinder as a motion for judgment on the pleadings, which may be made "after the pleadings are closed—but early enough not to delay trial. . ." Fed. R. Civ. P. 12(c). The court will indulge Mr. Joliat's request and consider the merits of his arguments under Federal Rule 12(c).

have failed to plead with particularity any facts outlining the details surrounding the alleged agreement. They also contend that the case is moot because they have since filed the requisite disclosures.

For their part, Plaintiffs respond that their complaint alleges ample detail as to the communications evincing an agreement prior to the date Defendants had disclosed. They also contend that their other claims are not mooted by Defendants' subsequent Schedule13D filings because Plaintiffs are seeking a declaratory relief finding that Defendants violated Sections 13(d) and 13(g) and enjoining them against such violations going forward.

Defendant Jay Joliat offers in reply that Plaintiffs have not pled facts sufficient to suggest that he was a member of any agreement, as the emails referenced in the complaint suggest that his participation in any supposed group diminished as time went on. The remaining Defendants state that the heightened pleading standard of Federal Rule 9(b) applies, and Plaintiffs have not alleged sufficient facts to meet that standard as to whether a current rather than past violation of Section 13(d) exists and whether the hypothetical agreement was one regarding the voting or disposition of shares so as to trigger the disclosure obligation.

## II. STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the

complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The court views the complaint in the light most favorable to the plaintiff and accepts all well-pleaded factual allegations as true. *Tackett v. M & G Polymers*, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009). The court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id*. at 679.

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997)). Furthermore, "when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment," *Commercial Money Ctr. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335-36 (6th Cir. 2007).

Federal Rule of Civil Procedure 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.

Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." The Sixth Circuit has "further interpreted Rule 9(b) to require that a plaintiff allege the time, place, and content of the alleged misrepresentations on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006) (internal quotations omitted). A state claim of fraud, once removed to federal court, is "required to comply with Rule 9(b)," but is also judged "[u]nder [state] law." *See, e.g.*, *Bennett v. MIS Corp.*, 607 F.3d 1076, 1100 (6th Cir. 2010).

When ruling on a Rule 12(c) motion, the court must take as true "all well-pleaded material allegations of the pleadings of the opposing party," and "the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (quoting *So. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir.1973)). However, the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* at 581-82 (quoting *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir.1999)). The court is to grant a Rule 12(c) motion "when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Id.* at 582 (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir.1991)). "There must be no material issue of fact that could prevent judgment for the moving party." *Monroe Retail, Inc. v. RBS Citizens, N.A.*, No. 074263, 2009 WL 4749352, at *3 (6th Cir. Dec. 14, 2009).

### III. DISCUSSION

Plaintiffs have the better of the arguments concerning mootness. The court does

not necessarily view the request for an obey-the-law injunction as sufficient redress to sustain a claim where nothing suggests that Defendants are likely to engage in any future violations. *Perez v. Ohio Bell Tel. Co.*, 655 F. App'x 404, 412 (6th Cir. 2016) ("district courts 'should limit the scope of an injunction to the conduct which has been found to have been pursued or is related to the proven unlawful conduct.'") (quoting *Howe v. City of Akron*, 801 F.3d 718, 753 (6th Cir. 2015)). "An injunction that does no more than prohibit any and all conduct in contravention of already existing law is overbroad under the terms of Rule 65(d)." *Id.* Nonetheless, "[t]here may be circumstances when obey-the-law injunctions are justified by the facts of the case in which the injunction is sought." *Id.* (citing *E.E.O.C. v. AutoZone, Inc.*, 707 F.3d 824, 841 (7th Cir. 2013)).

Though the court denied Plaintiffs' request for preliminary injunction, it specifically contemplated that additional discovery could uncover information that would support the allegations. (Dkt. #60, Pg. ID 2151.) "[T]he interests that section 13(d) protects 'are fully satisfied when the shareholders receive the information required to be filed.'" *CSX Corp. v. Children's Inv. Fund Mgmt. (UK) LLP*, 654 F.3d 276, 286 (2d Cir. 2011) (quoting *Treadway Companies, Inc. v. Care Corp.*, 638 F.2d 357, 380 (2d Cir. 1980)). But that is not the case as alleged here. Plaintiffs assert that the most recent Schedule 13D forms remain today materially misleading as to the date of the shareholder agreement. Compare this to the facts in *Rondeau v. Mosinee Paper Corp.*, a case upon which Defendants rely, in which the defendant "has now filed a proper Schedule 13D, and there has been no suggestion that he will fail to comply with the Act's requirement of reporting

S:\CLELAND\JUDGE'S DESK\C2 ORDERS\17-10757.ROCKWELL.DENYDISMISS.BSS.DOCX

5

any material changes in the information contained therein." 422 U.S. 49, 59, 95 S. Ct. 2069, 2076, 45 L. Ed. 2d 12 (1975). Not only did the defendant in that case correct his error—something Plaintiffs allege Defendants still have not done—but he sent a letter to all shareholders admitting his "tardy filing" which he conceded was "in violation of federal law." *Id.* at 54. It is not inconceivable that Plaintiffs could make a showing of "irreparable harm" and "some cognizable danger of recurrent violation," see *CSX*, 654 F.3d at 285-6 (citing *Rondeau*, 422 U.S. at 59), despite this court's earlier denial of their motion for preliminary injunction prior to discovery. Thus, the case is not moot.

Even if the court adopts the the "heightened pleading standard" of Federal Rule of Civil Procedure 9(b) as Defendants request, dismissal is not warranted.[2] Ample specificity is contained in Plaintiffs' complaint regarding allegedly false or misleading statements in the filed Schedule 13D and 13G forms. (Dkt. #1, Pg. ID 4 – 6.) Over a dozen written correspondences are attached as exhibits to the complaint evincing coordinated efforts by Defendants to influence management. In a letter dated March 4, 2016 and signed by Jay Joliat among others, Defendants stated ominously that they "believe [they] have many options[,] some of which include the following: 1. [They] can write a short white paper and file it in a 13D reviewing/shining a bright light on the past narrating for the public our concerns." (Dkt. #1-4, Pg. ID 54.) Still other correspondence less than a month later casually refers to "the shareholder group." (*See, e.g.*, Dkt. #1-7, Pg. ID 66.) Drawing every inference in favor of Plaintiffs, this suggests that at least in

---

2  Nor, therefore, would it be warranted under the more relaxed standard of Federal Rule of Civil Procedure 8(a).

early 2016 the Defendants were acting as a shareholder group for the purposes of voting the shares. Dismissal is not appropriate.

## IV. CONCLUSION

IT IS ORDERED that Defendants' Motion to Dismiss (Dkt. #56) is DENIED.

                                             s/Robert H. Cleland
                                             ROBERT H. CLELAND
                                             UNITED STATES DISTRICT JUDGE

Dated: June 28, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 28, 2017, by electronic and/or ordinary mail.

                                             s/Lisa Wagner
                                             Case Manager and Deputy Clerk
                                             (810) 292-6522